UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL ROSARIO-ANDINO,

       Petitioner,

v.                                Case No.  8:15-cv-268-T-17AEP

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.
_____

## ORDER

      This cause is before the Court on Petitioner Rosario-Andino's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Petitioner challenges his conviction and sentence rendered in the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

      A review of the filing demonstrates that the petition is time-barred.

**PROCEDURAL HISTORY**

      After jury trial, Petitioner was found guilty of attempted second-degree murder with a weapon, and aggravated battery with a weapon. On August 26, 2011, the state trial court sentenced Petitioner to fifteen years imprisonment followed by ten years probation.  (Doc. 1 at 1).

      Petitioner appealed.  On August 31, 2011, the state district court of appeal affirmed Petitioner's conviction and sentence. (Id.) Petitioner did not petition the United States Supreme Court for writ of certiorari.  Consequently, Petitioner's conviction was final on direct review 90 days after August 31, 2011.  That date was Wednesday, November 30,

2011.

On March 4, 2013, Petitioner filed a Rule 3.850 motion for postconviction relief. The state trial court denied the motion. Petitioner does not know the date the Rule 3.850 motion was denied, nor the date the state district court of appeal affirmed the denial of postconviction relief.

The present 28 U.S.C. § 2254 petition, signed and constructively filed on February 5, 2015, is time-barred.

### Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, the one-year statute of limitations commenced when Petitioner's conviction became final upon "the conclusion of direct review or the expiration of the time for seeking such review." See, 28 U.S.C. § 2244(d)(1)(A). *See also, Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002); *Clay v. United States*, 537 U.S. 522 (2003); *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011), *citing* 28 U.S.C. § 2244(d)(1)(A).

On direct appeal, the state district court of appeal per curiam affirmed Petitioner's conviction and sentence on August 31, 2011.  The 90th day thereafter -- Wednesday , November 30, 2011, was Petitioner's last day to file a petition for writ of certiorari to the United States Supreme Court. *See, Clay*, 537 U.S. 522; *Sibley v. Culliver*, 377 F.3d 1196, 1199 (11th Cir. 2004) (noting AEDPA one year "commences" on the "deadline" for seeking certiorari in the Supreme Court).

At that point, Petitioner had one year from November 30, 2011, or until December 1, 2012, in which either to file his § 2254 habeas petition with this Court or to file a "properly filed" application for postconviction relief in state court.  Petitioner did not file his Rule 3.850 motion for postconviction relief until March 4, 2013, well-past the December 1, 2012, deadline for filing a timely, properly-filed postconviction motion.

Petitioner's Rule 3.850 motion for postconviction relief filed after the AEDPA's limitation period expired did not trigger the tolling benefit of § 2244(d)(2). *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir.2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir.2000) ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). The instant federal habeas petition, filed by Williams on February 4, 2015, is therefore untimely.

### Equitable Tolling

Petitioner has not demonstrated that he is entitled to equitable tolling.  "[A federal

habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland*, 130 S.Ct. at 2565 (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011)(citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

Because Petitioner has failed to demonstrate that he is entitled to equitable tolling, the Court orders:

1. That Rosario-Andino's petition is dismissed. The Clerk is directed to enter judgment against Rosario-Andino and to close this case.

2. That, within 30 days of the date of this order, the Court will entertain a motion to reopen this case, if Petitioner can demonstrate with record evidence, why he is entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY AND

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Williams has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Williams is not entitled to a certificate of appealability, Williams is not entitled to appeal in forma pauperis. Williams is required to pay the $505.00 appellate filing fee unless the appellate court grants Williams in forma pauperis status on appeal.

ORDERED at Tampa, Florida, on February 20, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Daniel Rosario-Andino